ALBERT HENDRY *v.* THOMAS QUINAN and JOHN WHITTAKER.

A bill for the foreclosure of a mortgage, dated May, 1849, given by T., stated, that W., in March, 1850, recovered a judgment against T., and made W. a party defendant. W. pleaded, that, in November, 1841, D. recovered a judgment against T., which remained unsatisfied, and that D. ought to have been made a party. The plea was overruled.

The bill is for the foreclosure of a mortgage, dated May 9, 1849, given by Thomas Quinan to Richard Davis, for $50, with interest, payable May 1, 1850, assigned by Davis to the complainant.

The bill states that, on the 20th of March, 1850, John Whittaker, one of the defendants, recovered a judgment against Quinan, in the Common Pleas of Mercer, for $51.43 debt and $2.14 costs.

The defendant Whittaker pleaded, that on the 9th of November, 1841, one John Davis recovered a judgment in the Supreme Court against Quinan, the mortgagor, for $1,000 damages, and $146.88 costs; which judgment remains of record in said Supreme Court, uncancelled and unsatisfied; and that he, Whittaker, is advised that, the said judgment being a lien on the premises mentioned in the bill, the said John Davis ought to be made a party in this suit.

*Beasley* in support of the plea.

*S. R. Hamilton* contra.

THE CHANCELLOR. The plea states, that the judgment of John Davis, recovered in 1841, is unsatisfied, and a lien on the premises. The mortgage, then, on which the bill is filed is a second incumbrance, and Whittaker's judgment is the third and last incumbrance. The second incumbrancer, the mortgagee, the

complainant in this case, took his mortgage subject to the judgment of John Davis, and has a right to proceed on his mortgage, subject to that judgment, and without making Davis a party defendant; and the subsequent incumbrancer, Whittaker, has no right to say he shall not so proceed.

If Whittaker claimed that the judgment in 1841 was satisfied, he might have such an interest in preventing the second incumbrancer, the complainant in this case, from proceeding in such a way that the property would be sold subject to the judgment in 1841. It might bring enough, sold subject to the first incumbrance, to satisfy the complainant, and not enough to satisfy him; and there might be collusion between John Davis and the complainant to the prejudice of Whittaker, to have the land sold subject to Davis's judgment, and thus defeat Whittaker's claim, when there was really nothing due on Davis's judgment. The Court might in such case, upon proper allegations by Whittaker, direct Davis to be made a defendant.

But on the statement in the plea that Davis's judgment, the first incumbrance, is still an incumbrance, Whittaker cannot oblige the complainant to make the first incumbrancer a party.

Plea overruled.